FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 13 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIO ALBERTO ESTRELLA,

                Petitioner,

   -against-

DUKE TERRELL, Warden, Metropolitan Detention Center

                Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-3777 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Mario Alberto Estrella ("Estrella"), currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet. (Docket Entry #1) at 1.) Estrella seeks a reduction of his criminal sentence under the United States Sentencing Guidelines ("USSG" or "the Guidelines") § 5K2.0 due to the conditions of his confinement at MDC. (Id.) Specifically, Estrella asks the court to reduce his forty-four month sentence by twenty-four months and to order his immediate release. (Id. at 2.)

On April 3, 2009, the United States District Court for the District of New Jersey sentenced Estrella to forty-four months imprisonment following his guilty plea for conspiracy to distribute a controlled substance. See United States v. Estrella, 3:08-CR-267 (FLW) (D.N.J. 2009). Estrella alleges that at the time of the filing of the instant petition he has been held at MDC for more than fifteen months, and that prisoners at MDC are on "lockdown 24 hours daily" with no access to "sunlight [or] fresh air," "no air condition[ing] in the summer" in housing units that exceed one-hundred degrees, and "limited access" to the law and leisure libraries, among other hardships. (Pet. at 2.) These alleged conditions have caused Estrella to "suffer[] from

1

emotional distress, stress, depress[ion], memory loss, frustration, p[s]ychological trauma, and a lot more." (Id.)

A federal prisoner "claiming the right to be released upon the ground that [his] sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If § 2255 "is inadequate or ineffective to test the legality of his detention," a prisoner may petition for habeas relief under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e). Like § 2255, § 2241 permits a federal prisoner to petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Challenges to present physical confinement are appropriately brought under § 2241. Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (concluding that "[a] challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241" and that "[e]xecution of a sentence includes matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions") (internal quotation marks and citation omitted). For habeas petitions brought under § 2241 "challenging present physical confinement, jurisdiction lies [ ] only. . . in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

It is unclear from Estrella's Petition whether he states a claim that is cognizable under § 2255 or § 2241. Estrella simply asserts that as a result of the harsh conditions of his confinement, he is entitled to a reduction in his sentence and his immediate release pursuant to Guidelines § 5K2.0, a provision that permits sentencing courts to consider, among other factors, the conditions of a defendant's pretrial or presentence confinement in determining whether to depart from the Guidelines. See United States v. Teyer, 322 F. Supp. 2d 359, 377 (S.D.N.Y.

2

2004). To the extent that Estrella wishes to challenge the legality of the sentence imposed, he must bring such a challenge under § 2255 in the court that imposed his sentence: the United States District Court for the District of New Jersey. See 28 U.S.C. § 2255(a).

To the extent that Estrella wishes to challenge the constitutionality of the conditions of his confinement under the Constitution or laws of the United States, the claim is properly brought in this court under § 2241. Levine, 455 F.3d at 78. To successfully challenge the conditions of his confinement as an Eighth Amendment violation, Estrella must show that the conditions at MDC "deprive inmates of the minimal civilized measure of life's necessities." See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Estrella has failed to assert a constitutional claim in his Petition; hence, the court is not able to consider and reach a conclusion as to the merits of any such claim. The court grants Estrella leave to amend his Petition to assert any constitutional claims properly brought under § 2241.

Consequently, because Estrella may only challenge the legality of his sentence in the United States District Court for the District of New Jersey, his claim seeking a reduction in his sentence under USSG § 5K2.0 is improperly brought in this court. If Estrella wishes to instead challenge his conditions of confinement under § 2241 by asserting a violation of his Eighth Amendment constitutional rights, he is granted leave to amend his Petition. Petitioner is granted 45 days from the date of this Order to amend his Petition regarding his conditions of confinement. Otherwise, the Petition will be dismissed without prejudice.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 13, 2011

NICHOLAS G. GARAUFIS
United States District Judge